CUI YING YANG and Yun
Jin Lian, Petitioners,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 06–1573–ag.

United States Court of Appeals,
Second Circuit.

Oct. 27, 2006.

---

---

Peter D. Lobel, New York, New York, for Petitioners.

Rodger A. Heaton, United States Attorney, Central District of Illinois, Springfield, Illinois, Linda L. Mullen, Assistant United States Attorney, Rock Island, Illinois, for Respondents.

PRESENT: Hon. WALKER, Hon. JOSÉ A. CABRANES, Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Cui Ying Yang and Yun Jin Lian, natives and citizens of China, seek review of a March 16, 2006 order of the BIA adopting and affirming the September 30, 2004 decision of immigration judge ("IJ") Barbara Nelson denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture. *In re Cui Ying Yang, Yun Jin Lian,* Nos. A97 849 570, A73 577 705 (B.I.A. March 16, 2006), *aff'g* A97 849 570, A73 577 705 (Immig. Ct. N.Y. City Sept. 9, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005); *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 158 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

The IJ determined that the country condition material in the record was often contradictory, and thus Yang and Lian were unable to establish their eligibility for asylum, withholding of removal, or relief under the CAT. The BIA adopted and affirmed this conclusion, noting that the IJ had properly weighed all the record evidence. The BIA also noted that the 2004 State Department Country Report indicated that couples having more than one child in China were usually subjected to social compensation fees, and that there was no national policy regarding children born abroad in contravention of the one-child rule. In *Tian–Yong Chen v. INS,* 359 F.3d 121, 130 (2d Cir.2004) we warned the agency "not to place excessive reliance on published reports of the Department of State." However, these State Department

reports are probative. *Tu Lin v. Gonzales,* 446 F.3d 395, 400 (2d Cir.2006). Here, because the IJ and BIA considered the State Department's country materials in conjunction with Chen's testimony and submitted documentary evidence and reasonably determined that nothing indicated that she would be treated as a violator of the family planning policy due to her two United States-citizen children, their determination that Chen failed to establish a well-founded fear of future persecution is supported by the record as a whole. *See Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir.2005) (finding that, "[i]n the absence of solid support in the record" for petitioner's assertion that he will be subjected to persecution on account of his two U.S.-born children, "his fear is speculative at best"); *Wei Guang Wang v. BIA,* 437 F.3d 270, 274 (2d Cir.2006) (finding that an affidavit by Dr. John Aird and the 1998 State Department Profile of Asylum Claims were not alone sufficient to establish prima facie eligibility for relief, and requiring more specific evidence that U.S.-born children would be counted as Chinese citizens under the family planning policy in order to succeed on claims for relief); *Matter of C–C–,* 23 I. & N. Dec. 899, 2006 WL 805042 (BIA 2006) (holding that an alien seeking to reopen removal proceedings based on a claim that the birth of a second child in the United States will result in the alien's forced sterilization in China cannot establish prima facie eligibility for relief where the Aird affidavit and the relevant country conditions reports did not indicate that Chinese nationals returning to that country with foreign-born children have been subjected to forced sterilization in the alien's home province).

The agency's determination that Yang and Lian were unable to establish a well-founded fear of future persecution is substantially supported by the record as a whole. Because they were unable to show the objective likelihood of persecution needed to make out an asylum claim, they were necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir. 2003). Additionally, as there is no evidence that Yang or Lian would likely be tortured upon return to China, the agency's denial of CAT relief is also substantially supported by the record.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).